[No. 3435. Decided March 9, 1900.]

NORTHPORT BREWING COMPANY, *Respondent*, v. THOMAS A. PERROT, *Appellant*.

WATER RIGHTS—APPROPRIATION—WRONGFUL DIVERSION—INJUNCTION —PLEADING.

In an action by one entitled under Gen. Stat., tit. 20, ch. 1, to appropriate water in a flowing stream for manufacturing purposes, to restrain defendant from interfering with the free and unobstructed flow of the water so appropriated, an affirmative defense is demurrable, which sets up that defendant claims the ownership and use of such water by reason of a prior homestead entry, but which fails to allege that defendant is making any beneficial use of the water diverted by him from the stream.

Appeal from Superior Court, Stevens County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*J. A. Rochford* and *Herman & Kleber*, for appellant.

*D. H. Carey*, for respondent.

PER CURIAM.—The respondent sued for an injunction restraining appellant from interfering with the free and unobstructed flow and use of seventy-five cubic feet of running water per minute of the waters flowing in a creek known as Five Mile creek, in Stevens county. Respondent bases its right to the use of that amount of water upon an appropriation made, under ch. 1, title 20, 1 Hill's Code, on the 9th day of August, 1897. The lower court sustained a demurrer to a so-called affirmative defense contained in the answer of appellant, and the appeal is from that order.

It appears from the answer that the appellant claims the ownership of the water, and the right to its use, because of a homestead entry made prior to the appropriation of the water by respondent. But the answer is fatally defective, in that it does not appear therefrom that appellant is making any beneficial use of the water which he is diverting from the stream. From the allegations of the complaint it appears that appellant's ditch is simply for the purpose of turning the water from its natural channel at a point on the stream just above the point where respondent's flume taps the stream back into its natural channel at a point just below where respondent's flume enters the creek.

The sole question which the appellant seeks to have the court pass upon is whether a homesteader becomes a riparian proprietor, and as such has a vested right to the water flowing in a stream over and across his homestead. The question is an interesting one, but it is not raised or presented by the answer. Respondent correctly claims that there is no connection between the wrongs complained of by the respondent and the rights asserted in the affirmative answer.

The demurrer was properly sustained, and the order is affirmed.